DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

WILLIAM NORKUNAS,                         }
      Plaintiff,                            }
                                          }
Vs.                                       }   Case No.
                                          }
FALMOUTH HOTEL, LLC, HOSTMARK             }
MANAGEMENT, INC AND HOSTMARK              }
HOSPITALITY GROUP, INC.                   }
      Defendants.                           }
                                          }

## **COMPLAINT**
(Injunctive Relief Demanded)

     Plaintiff, William Norkunas, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, Falmouth Hotel, LLC, Hostmark Management, Inc. and Hostmark Hospitality Group, Inc., (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff William Norkunas qualifies as an individual with disabilities as defined by the ADA. Mr. Norkunas was a polio victim from early childhood and requires the daily use of a full length left leg brace. He is also diagnosed with Post-Polio Syndrome, a degenerative condition and is mobility impaired and uses a cane, scooter or manual wheelchair to ambulate.

2. Mr. Norkunas was born, raised and educated in Massachusetts, and has extended family living in Massachusetts.  His late wife is buried in Massachusetts.  He returns to Massachusetts regularly for personal and business reasons.

3. Defendants own, lease, lease to, and/or operate a place of public accommodation, as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, to wit, the Holiday Inn Hotel located at 291 Jones Road, Falmouth, Barnstable County, Massachusetts (the "Hotel" or the "Property").

4. As the owner, lessor, lessee, or operator of the Property, Defendants are required to comply with the ADA.  To the extent the Property, or portions thereof, existed prior to January 26, 1992 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at the Property whose removal was readily achievable, as required by 42 U.S.C. §12182.

5. To the extent the Property, or portions thereof, were designed and constructed for use and occupancy subsequent to January 26, 1993 ("newly constructed facility"), owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. §12183.

6. To the extent that the facility, or portions thereof, were altered subsequent to January 26, 1992, in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

7. Pursuant to 28 C.F.R. Part 36, Subpart D, discrimination for purposes of this part includes a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities.

8. Pursuant to 28 C.F.R. part 36.402 any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

9. Pursuant to 28 C.F.R. part 36.304, a public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.

10. Failure to comply with these requirements constitutes a violation of the ADA.

11. Venue is properly located in the District of Massachusetts because the Property lies in the judicial district of Massachusetts.

12. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

13. Mr. Norkunas has visited the Hotel and encountered architectural barriers at the Property that discriminate against him because of his disability. The barriers to access at the Property have endangered his safety and have denied him the full and equal access to Defendants' property. Mr. Norkunas plans to return to the Property once the barriers to

access have been corrected, to avail himself of the goods and services offered to the public at the Property and determine if the Property has been made ADA compliant.

14. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendant is compelled to comply with the requirements of the ADA.

15. William Norkunas has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this Property as described in, but not necessarily limited to, the allegations herein. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

16. Plaintiff is continuously aware of the violations at the Property and is aware that it would be a futile gesture to return to the Property as long as those violations exist unless he is willing to suffer additional discrimination.

17. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring and determining whether places of public accommodation are in compliance with the ADA.

18. Because of the barriers he personally encountered, which barriers are listed below, Mr. Norkunas was denied access to the Property and the Defendants have discriminated against others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by 42 U.S.C. § 12182 et seq.

19. The violations present at the Property infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation because of the discriminatory conditions present at the Property. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of goods, services, facilities, privileges and/or accommodations available to the general public.

20. A preliminary inspection of Defendant's facility has shown that violations exist. These violations that Plaintiff has personally observed or encountered, and which were confirmed by Plaintiff's ADA expert, include, but are not limited to:

**List of ADA accessibility violations**

a. Guest rooms required to provide mobility features complying with 806.2 of the 2010 ADA Standards for Accessible Design (the "2010 Standards") are not dispersed among the various classes of guest rooms, and do not provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests.

<u>**Accessible Routes**</u>

b. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the Property, with excessive slopes, non-compliant curb approaches, non-compliant ramps, narrow or blocked passageways, lack of sufficient maneuvering space, areas accessible only by stairs, inaccessible changes in level, hazards on ground surfaces, improper drains on floor, abrupt changes in level, and unsecured floor mats.

c. An accessible route is not provided to access the accessible spaces and elements within the units.

d. Doors within the Property have no required latch side clearance in violation of the 2010 Standards §404.1.

e. There are an insufficient number of compliant parking spaces.

### Accessible Guest Rooms

f. The guest room was not ADA accessible, and contained barriers to access.

g. The room signage violates §§216 and 703 of the 2010 Standards.

h. The bathroom is non-compliant with an inaccessible commode and lack of compliant grab bars.

i. The controls in the bathtubs in the facility's accessible rooms do not comply with the requirements of the 2010 Standards because the faucets and other controls are not located at the foot of the tub.

j. The removable seat and shower curtain in the tub are in violation of the 2010 Standards.

k. The Hotel does not have an appropriate written policy specifically addressing the provision of services to individuals with disabilities.

l. The Hotel does not adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

m. The Hotel does not maintain its features to ensure that they are readily accessible and usable by the disabled.

21. The discriminatory violations described above are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

22. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities at the Property and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

23. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as

requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations to its place of public accommodation or commercial facility in violation of 42 U.S.C. §12181 et seq. and 28 CFR §36.302 et seq.

25. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. §12205 and 28 CFR §36.505.

27. Defendants are required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

28. Upon information and belief, the Property has undergone a number of renovations since January 26, 1993.

29. Pursuant to 42 U.S.C. §12188, this court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Defendant's property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure the violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE**, Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

b.  Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to maintain on an ongoing basis the accessible facilities at the subject hotel.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

d.  Such other relief as the court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

October 4, 2017

*/s/George W. Skogstrom, Jr.*
George W. Skogstrom, Esquire
BBO#552725
SCHLOSSBERG, LLC
35 Braintree Hill Office Park, Suite 204
Braintree, MA 02184
781-848-5028
781-848-5096 – Facsimile
gskogstrom@sabusinesslaw.com

G:\Norkunas, William - NW011\Holiday Inn Falmouth-033\Docs\Complaint - Falmouth Holiday Inn 100417.docx